# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ALLSTATE INS. CO.,

      Plaintiff,                           Case Number: 06-11933

                                             Hon. Arthur J. Tarnow

v.                                       Magistrate Judge: Donald A. Scheer

ROBERT HARRIS, JR., *et al.*,

      Defendants

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT ON JURY VERDICT [DE 40] AND DENYING DEFENDANTS' MOTION FOR RULE 59 AND ALTERNATE RELIEF FROM JUDGMENT [DE 41]

## INTRODUCTION

This is a declaratory judgment action, in which Plaintiff Insurer sought a declaration that Defendant Insureds were not entitled to payment under their insurance policy with Plaintiff, because a September 2005 fire in their home was intentionally set or arranged by Defendants. Following a four day trial, the jury rendered a unanimous verdict, finding that Defendants intentionally set or arranged for the fire, or knew of and consented to it. The jury also found that Defendants concealed or misrepresented material facts or circumstances in connection with Plaintiff's investigation.

Before the Court are two post-trial motions: Plaintiff's Motion for Entry of Judgment on Jury Verdict [DE 40] and Defendants' Motion for Rule 59 and Alternate Relief from Judgment [DE 41]. The Court finds that the facts and legal arguments are adequately presented in the parties' pleadings and briefs, and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), these motions will be decided on the briefs and without oral argument.

## ANALYSIS

### Defendants' Motion for Rule 59 and Alternative Relief from Judgment

Defendants raise several grounds for relief pursuant to Federal Rule of Civil Procedure 59. They seek Judgment Notwithstanding the Verdict, or in the alternative, a new trial.

A party seeking Judgment Notwithstanding the Verdict must first have made a motion for a directed verdict at the close of the evidence, or the Court will not consider its motion. *Portage II v. Bryant Petroleum Corp.* 899 F.2d 1514, 1522 (6th Cir. 1990) (citations omitted). As Defendants acknowledge in their motion, defense counsel failed to move for a directed verdict. *See* Def. Br. 7. Accordingly, Defendants are precluded from seeking such relief.

Federal Rule of Civil Procedure 59 governs requests for new trial. It states that a court may grant a new trial following a jury trial, "for any reason for which a new trial has heretofore been granted in an action at law in federal court . . ." Fed. R. Civ. P. 59. Courts have granted new trials, for example,

> if the verdict is against the weight of the evidence, if the damages award is excessive, or if the trial was influenced by prejudice or bias, or otherwise unfair to the moving party.

*Conte v. General Housewares Corp.*, 215 F.3d 628, 637 (6th Cir. 2000) (citing *Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir. 1996)).

Defendants' reasons for their new trial request correspond with some of those grounds. For instance, they characterize the jury's verdict as "spurious and irrational, flying in the face of overwhelming evidence to the contrary." Def. Br. 2. They then list several instances of Plaintiff's counsel's conduct and questions, concluding that such conduct was "mean, unlawful, . . . and prejudicial because it affected the final outcome." *Id.* However, Defendants' list does not rise to the prejudice or bias standard required for a new trial. Nor do they demonstrate that this verdict "against the weight of the evidence."

It is true that attorney misconduct "that results in prejudice may serve as a basis for a new trial." *Maday v. Public Libraries of Saginaw*, 480 F.3d 815, 819 (6th Cir. 2007) (citation omitted). However,

> [t]he burden of showing prejudice rests with the party seeking the new trial, and district courts have broad discretion in deciding whether to grant a motion for a new

2

trial.

*Id.* This is described elsewhere as a "heavy burden" for movants for a new trial. *Shabazz v. Martin*, 2007 WL 2782054, 1 (unpublished) (E.D.Mich. Sept. 24, 2007) (Hood, J.) (citing *City of Cleveland v. Peter Kiewit Sons Co.*, 624 F.2d 749, 756 (6th Cir. 1980); *In re Air Crash Disaster*, 86 F.3d 498, 526 (6th Cir.1996)). Faced with such a motion, a court must review

> on a case-by-case basis, the totality of the circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case, and the verdict itself.

*Maday*, 480 F.3d at 819 (citing *Kiewit*, 624 F.2d at 756).

In *Kiewit*, a new trial was granted on the demonstration of pervasive attorney misconduct present throughout the trial, which further served to convey a message that would not have been inadmissible as evidence. *See Kiewit*, 624 F.2d at 756-59 ("The cumulative effect of counsel's remarks undoubtedly served to leave the intended, indelible impression upon the minds of the jurors." *Id.* at 758-59.).

By contrast, even "overzealous representation" which resulted in going beyond evidence proven at trial, if not the Michigan Rules of Professional Conduct, did not merit a new trial. *Shabazz v. Martin*, 2007 WL 2782054, 2. This is so because "not every departure from proper courtroom decorum commands reversal and a new trial." *Id.* (quoting *United States v. Cooper*, 577 F.2d 1079, 1086 (6th Cir.1978)).

Here, Defendants complain of Plaintiff counsel's repetitive statements, and that he "badgered" and "chastised" one of the Defendants on the stand. However, such a description corresponds with *Shabazz*'s "overzealous representation." Other statements made by Defendants to support their position, for instance, that Plaintiff counsel disobeyed a direct order of the Court, are not borne out by the record.

In addition, Defendants assert that Plaintiff counsel knowingly made false statements before the Court. However, they presented no specific facts to support this statement. Defendants have not met their "heavy burden" of demonstrating attorney misconduct and resulting prejudice.

Next, when faced with a motion for a new trial on the grounds that the verdict is against the weight of the evidence, "[t]he court is to accept the jury's verdict 'if it is one which reasonably could have been reached.'" *Denhof v. City of Grand Rapids*, 494 F.3d 534, 543 (6th Cir. 2007) (citing *Duncan v. Duncan*, 377 F.2d 49, 52 (6th Cir.1967)).

Here, Plaintiff had the burden to demonstrate by a preponderance that Defendants either set, arranged for, or knew of the fire and consented to it. The jury was instructed that it "may consider every fact and circumstance, including motive and opportunity, which tends to establish [Defendants'] involvement." They were also instructed to consider Defendants' conduct and statements in connection with the fire, and the consistency or inconsistency of their statements.

The parties stipulated to a number of pertinent facts, including the fact that the fire was intentionally set, and the existence of several judgments against Defendants. Also stipulated to was the receipt by Defendant Williams, approximately six weeks before the fire, of a "Notice of Default and Acceleration" from their mortgage-holder. The jury heard further testimony regarding Defendants' financial status.

The fire investigator testified that there were no signs of forced entry into the home, other than that caused by firefighters. The fire was started by gasoline poured on all three floors of the house, and three gas cans were left behind. Defendants testified that they had left the house secured and the security gate closed, as was their habit.

Witnesses' testimony occasionally conflicted. For instance, the Detroit Fire Department fire investigator stated that despite numerous attempts to contact Defendant Harris, they did not speak again. Nor did Defendants inquire as to the status of their investigation. However, Defendant Harris

testified that he did speak with the investigator after the initial investigation.

It is true that evidence was offered in Defendants' favor, including the fact that an individual may have threatened Defendant Harris shortly before the fire. (The fire investigator expressed his opinion, however, that the nature of the arson did not reflect a revenge fire.) Evidence was also presented that Defendants loved the home, and that it was well cared-for.

However, it is for the jury, not the Court, to weigh the evidence and the credibility of witnesses. *Wayne v. Village of Sebring*, 36 F.3d 517, 525 (6th Cir. 1994). In addition, when deciding a motion on these grounds, the Court "must view the evidence in the light most favorable to the party against whom the motion is made, and give that party the benefit of all reasonable inferences." *Id.*

On this evidence, especially viewing it in a light most favorable to the non-moving Plaintiff, the jury could have reasonably found that Defendants had a financial motive for the fire, and had in some manner permitted an individual access to their home for this purpose. This Court will not intrude on the jury verdict, as this would "substitute[ its] judgment of the facts and the credibility of the witnesses for that of the jury." *Denhof*, 494 F.3d at 543 (citation omitted). On this record, the Court finds the jury's verdict was reasonable.

Defendants finally seek relief because of ineffective assistance of counsel. As there is no right to effective assistance of counsel in the civil trial context, Defendants' argument fails. *See Shepard v. Uniboring*, 72 Fed.Appx. 333, 336 (6th Cir. 2003) ("It is well-settled that there is no constitutional or statutory right to effective assistance of counsel in a civil case.") (citing *Friedman v. Arizona*, 912 F.2d 328, 333 (9th Cir.1990); *Glick v. Henderson*, 855 F.2d 536, 541 (8th Cir.1988)). Accordingly, "litigants in a civil proceeding may not attack an adverse judgment on the grounds of ineffective assistance of trial counsel." *Id.*

For all the reasons cited above, Defendants' motion for Rule 59 relief or judgment

notwithstanding the verdict is denied.

### Plaintiff's Motion for Entry of Judgment on the Jury Verdict

Plaintiff invokes Federal Rule of Civil Procedure 58(a)(2)(B), which states that

> Subject to Rule 54(b) [inapposite here], the court must promptly approve the form of the judgment, which the clerk must promptly enter, when . . . the jury returns a special verdict or a general verdict with answers to written questions . . .

Federal Rules of Civil Procedure Rule 58. Plaintiff's Motion notes that a unanimous verdict was returned in its favor on May 19, 2008. The jury was instructed by the Court that if Plaintiff demonstrated Defendants' liability by a preponderance,

> it [Plaintiff] is excused from any further payment under the policy and is entitled to a judgment against the Defendants for all the sums that Allstate paid under its policy to the mortgagee of the premises, Countrywide Home Loans, and for other payments it made to or on behalf of the Defendants while investigating the claim.

Pl. Mot. Ex. B.

Accordingly, Plaintiff requests entry of its Judgment on Jury Verdict. Pl. Mot. Ex. B. This Court having reviewed the proposed verdict, and being advised of the premises, Plaintiff's motion is granted, and judgment will be entered in its favor.

### CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Judgment on Jury Verdict [DE 40] is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion for Rule 59 and Alternate Relief from Judgment [DE 41] is DENIED.

SO ORDERED.

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated:  August 7, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 7, 2008, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager