UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY,        No. 06-11933

    Plaintiff,        District Judge Arthur J. Tarnow

v.        Magistrate Judge R. Steven Whalen

ROBERT HARRIS and REGINA WILLIAMS,

    Defendants.
                                           /

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Regina Williams' Objection to Writ of Garnishment [Doc. #101], which has been referred for post-judgment consideration.[1]

Following a jury trial, judgment was entered against Ms. Williams and her husband, Robert Harris, in the amount of $268,399.98, jointly and severally, plus interest and taxable costs [Doc. #44]. Ms. Williams filed objections to a writ of garnishment as to her wages from Chrysler, LLC. A hearing was held on her objections on April 21, 2011. I took the matter under advisement, and requested that the parties meet in an attempt to work out a mutually satisfactory resolution.

On May 2, 2011, the parties filed a Stipulation of Installment Payment agreement [Doc. #106], in which they agreed that (1) Plaintiff would keep the first three wage garnishment checks it received from Chrysler, LLC, totalling $1,649.99; (2) Plaintiff would terminate the remainder of the periodic garnishment currently in place for Ms. Williams' wages; and (3) beginning June 1, 2011, the Defendants will begin making monthly installment payments to the Plaintiff, at the rate of $200.00 per month for the first six months, and $300.00 per month thereafter, until the judgment, interest and costs are paid in full.

---

[1] Although the matter was referred for "hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A)," post-judgment objections to garnishment are not pretrial matters, and therefore a Magistrate Judge referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

I therefore recommend that Ms. Williams' Objection to Writ of Garnishment [Doc. #101] be DISMISSED AS MOOT, and that the Court enter an Order consistent with the parties' stipulation [Doc. #106].

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: May 3, 2011

___

**CERTIFICATE OF SERVICE**

I hereby certify on May 3, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 3, 2011: **Robert Harris, Regina Williams.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge R. Steven Whalen
(313) 234-5217